UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE TAYLOR

       Plaintiff,

                                                                      Civil Case No. 2:21-11446
v.                                                      Honorable Linda V. Parker

JOHN HAUGHTON, JR.

       Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

On June 14, 2021, Plaintiff filed this lawsuit against Defendant. The purported basis for jurisdiction is that the Complaint presents a question of federal law. (Compl. at 3, ECF No. 1 at Pg ID 2.) Plaintiff also filed an application to proceed *in forma pauperis* in this matter (ECF No. 2), which the Court is granting.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). 28 U.S.C. § 1915 requires a court to dismiss a case in which the plaintiff proceeds *in forma pauperis* "at any time if the court determines that … (B) the action or

appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Even when liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff's § 1983 claim against Defendant is not arguably plausible and there is no basis for federal subject matter jurisdiction.

In his Complaint, Plaintiff alleges that he returned home on the evening of May 26, 2021, and found Defendant, his landlord, parked in Plaintiff's driveway. (Compl. at 3, ECF No. 1 at Pg ID 2.) Plaintiff alleges that Defendant called him over to his vehicle and that a verbal dispute ensued regarding Plaintiff's tenancy. (*Id.*) Plaintiff alleges that he walked away and called the police, at which point Defendant grabbed him by the back of the neck and attempted to swat his cell phone out of his hands, ultimately hitting him in the mouth. (*Id.*)

In addition to citing § 1983 in his Complaint, Plaintiff asserts as a basis for federal question jurisdiction: "Domestic Violence"; "Retaliation"; and "MCL Section 554.6016." (*Id.* at Pg ID 5.) Plaintiff seeks $15,000 in punitive damages and $5,000 in compensatory damages. (*Id*. at Pg ID 6.)

A plaintiff alleging a claim under § 1983 "must demonstrate a deprivation of a right secured by the Constitution or laws of the United States caused *by a person acting under color of state law*." *Westmoreland v. Sutherland*, 662 F.3d 714, 718

(6th Cir. 2011) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Generally, private parties like Defendant are not state actors unless their actions are "fairly attributable to the state." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). A private party that has conspired with state officials to violate constitutional rights also qualifies as a state actor and may be held liable under § 1983. *Moore v. City of Paducah*, 890 F.2d 832, 834 (6th Cir. 1989); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985).

The Sixth Circuit Court of Appeals recognizes three tests for determining whether a private party's conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. *Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (2004) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). In summary,

> [t]he public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state.

*Id.* (quotation marks and internal citations omitted). The allegations in Plaintiff's Complaint in no way suggest conduct by Defendant that is "fairly attributable to

3

the state" under any of these tests. Nor do Plaintiff's allegations suggest a conspiracy between Defendant and state officials.

Therefore, Plaintiff does not plausibly allege the "state actor" requirement to support his § 1983 claim against Defendant. A claimed violation of state law does not give rise to a federal cause of action under § 1983. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005). Therefore, Plaintiff's Complaint fails to establish this Court's subject matter jurisdiction. Consequently, Plaintiff's Complaint must be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(1).

**IT IS SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: July 22, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 22, 2021, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager